**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| BILL SCHUETTE, ATTORNEY GENERAL OF THE STATE OF MICHIGAN, *ex rel.* The People of the State of Michigan,<br><br>   Plaintiff,<br><br>v.<br><br>AMERIGAS PARTNERS, L.P. and AMERIGAS PROPANE, L.P. d/b/a HOLTON'S L.P.; RURAL GAS & APPLIANCE; and SCHULTZ BOTTLE GAS,<br><br>   Defendants. | Case No. _____ |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453**

     Defendants AmeriGas Partners, L.P. ("AmeriGas Partners") and AmeriGas Propane, L.P., d/b/a Holton's L.P.; Rural Gas & Appliance and Schultz Bottle Gas ("AmeriGas Propane," and with AmeriGas Partners the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of the removal of this civil action from the Circuit Court for the 38th Judicial Circuit, Monroe County, Michigan, Case No. 18-14102-CP, to the U.S. District Court for the Eastern District of Michigan, Southern Division. In support of its notice of removal, Defendants state:

     1.     On June 27, 2018, Plaintiff Bill Schuette, the Attorney General of the State of Michigan ("Plaintiff") filed a lawsuit against Defendants in the Circuit Court of the State of Michigan, Monroe County, captioned *Bill Schuette, Attorney General of the State of Michigan, ex rel The People of the State of Michigan v. AmeriGas Partners, L.P. and AmeriGas Propane, L.P. d/b/a Holton's L.P., Rural Gas & Appliance and Shultz Bottle Gas*, Case No. 18-14102-CP (the "State Court Action"). By his Complaint, titled Attorney General's Complaint for Equitable

Relief, Civil Fines, and Damages ("Complaint"), Plaintiff asserts claims against Defendants for alleged violations of the Michigan Consumer Protection Act. (A copy of the Summons and Complaint is attached as Exhibit A.)

2. This case was not removable at the time Plaintiff filed the Complaint.

   a. It was not removable pursuant to 28 U.S.C. § 1331 because the Complaint does not arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

   b. It was not removable under 28 U.S.C. § 1332(a) because the action is not between citizens of different States, as determined pursuant to 28 U.S.C. § 1331(a)(1), in that Plaintiff is a citizen of Michigan and the defendants are non-corporate entities and at least one member of one of defendants is a citizen of the State of Michigan. 28 U.S.C. § 1331; *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355-56 (6th Cir. 2010) (for the purposes of § 1332(a) diversity jurisdiction, a partnership is a citizen of each State in which one of its members reside).

   c. It was not removable under 28 U.S.C. § 1332(d) because the case had not been pleaded or captioned as a class action and, even if it had, it was not ascertainable that the requirements of 28 U.S.C. § 1332(d) were met. *See* 28 U.S.C. § 1332(d); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014).

3. On September 21, 2018, Plaintiff filed his Consolidated Motion for Class Certification and Supporting Brief ("Motion for Class Certification"). The Motion for Class Certification was the first pleading, motion, order or other paper from it which it could be

ascertained that the case was one which had become removable. 28 U.S.C. § 1446(b)(1). (A copy of the Motion for Class Certification is attached as Exhibit B.)

4. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because this Notice is being filed within thirty (30) days of Defendants' receipt of the Motion for Class Certification. *See* 28 U.S.C. § 1446(b)(3).

5. Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Specifically, removal is proper under § 1332(d) because (a) Plaintiff in the State Court Action has sought to certify a putative class action under Michigan law; (b) at least one member of the putative class is a citizen of a different state than Defendants; (c) the number of class members alleged by plaintiff in the aggregate is larger than 100; and (d) the amount in controversy alleged by plaintiff exceeds $5 million.

6. <u>Diversity of Citizenship.</u>  The required diversity of citizenship under CAFA is satisfied because at least one member of the putative class of plaintiffs is a citizen of Michigan and none of the defendants are citizens of Michigan. Under CAFA, unincorporated associations are deemed to be citizens of the State where they have their principal place of business and the State under whose laws they are organized. 28 U.S.C. § 1332(d)(10). Here, at least one member of the putative class is from Michigan, and Defendants are both organized under the laws of Delaware and have their principal places of business in Pennsylvania *See* 28 U.S.C. § 1332(d)(2)(A).

7. <u>Putative Class Members.</u>  This action meets CAFA's 100 putative class member requirement. 28 U.S.C. § 1332(d)(5)(B). In the Motion for Class Certification, Plaintiff alleges that there are at least 200,000 putative class members. (Mot. for Class Cert., 5.)

8.      <u>Amount in Controversy.</u>  This action meets CAFA's miminum amount-in-controversy requirement. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required sum. 28 U.S.C. §§ 1332(d)(2), (d)(6).  Based on Plaintiff's allegations, the damages sought in this action exceed $5 million.

   a.   In the Motion for Class Certification, Plaintiff alleges that Defendants had 200,000 customers as of 2014. (Mot. for Class Cert., 5.) Plaintiff contends that all of these customers are class members with claims arising from the allegedly improper application of HazMat and Fuel Recovery Fees, and acknowledges that some class members were assessed fees on multiple occasions. (*Id.* at 7-8.) Further, the Motion for Class Certification characterizes the calculation of damages for these fees by reference to the sum total of fees paid by each customer since 2014. (*Id.* at 8.)[1] If it assumed each alleged class member was assessed the fees once, the amount in controversy as to this claim alone would exceed $3,000,000.

   b.   Plaintiff further alleges that "market price" customers paid propane prices that were higher than the state average, that prices in 2015-2016 home heating season were "grossly excessive," that customers are entitled to restitution for those overcharges. (Compl. ¶¶ 14-23; Relief Requested.) Plaintiff alleges that many class members paid over $1.00 above market price for each gallon of propone purchased, although some were allegedly

---

[1] The Terms and Conditions identified in the Complaint set the HazMat Fee at $10.99. (*See* Compl., Ex. E.) The Fuel Recovery Fee fluctuates (*id.*), but an invoice attached to the Complaint reflects a Fuel Recovery Fee of $4.58.  (*See* Compl., Ex. G.)

    overcharged more. (*Id.* at ¶¶ 17-23.) Given that Plaintiff contends there are over 200,000 class members, of whom 80,000 purchased 80 gallons of propane in 2013 and 2014 alone, a conservative estimate of the amount in controversy in connection with this allegation alone is in excess of $5 million.

  c. Plaintiff also submitted with his Motion for Class Certification a spreadsheet purporting to show damages owed by Defendants to putative class members. The revenue on this chart alone sums to over $45,000. (*See* Motion for Class Certification, Ex. 2.) Plaintiff asserts treble damages for this claim, so the amount in controversy for this claim alone exceeds $135,000.

  d. Plaintiff also seeks damages in relation to numerous other theories of liability, including additional fees assessed to some class members, additional allegations of overcharging, and myriad alleged failures to compensate customers. (See Motion for Class Certification, 8-12.)

  e. Additionally, Plaintiff seeks punitive damages, injunctive relief, attorneys' fees, fines of $25,000 for each "persistent and knowing" violation, and consequential damages for the class. (Compl., Relief Requested.)

9. Removal to this Court is proper because it is the district and division embracing the Circuit Court for the 38th Judicial Circuit, Monroe County, Michigan, where the State Court Action was pending. *See* 28 U.S.C. § 1441(a).

10. Defendants have complied with the procedural requirements in 28 U.S.C. § 1446:

  a. All process, pleadings, and orders served by Plaintiff on Defendants are

        attached as Exhibits. *See id.* 1446(a).

    b.    Defendants will provide this Notice of Removal to Plaintiff at his address for service in the State Action, and to the Circuit Court for the 38th Judicial Circuit, Monroe County, Michigan before which the State Court Action was pending. *See id.* § 1446(d).

    c.    Defendants will also file a Notice of Filing attaching a copy of this Notice of Removal and Exhibits in the State Court Action. *See id.*

Dated: October 12, 2018                           Respectfully Submitted,

                                                    */s/ John R. Prew*
                                                    John Prew (P41891)
                                                    Christopher Messing (P78900)
                                                    HARVEY KRUSE, P.C.
                                                    1050 Wilshire Drive, Suite 320
                                                    Troy, Michigan 48084
                                                    (248) 649-7800

                                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on October 12, 2018, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and served via email and first-class mail upon:

        Darrin F. Fowler
        Katherine J. Bennett
        Assistant Attorneys General
        Corporate Oversight Division
        P.O. Box 30755
        Lansing, Michigan  48909
        fowlerD1@michigan.gov

                                                  */s/ John R. Prew*