UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANA NESSEL, ATTORNEY GENERAL OF THE STATE OF MICHIGAN,** *ex rel.* **The People of the State of Michigan**,<br><br>Plaintiff,<br><br>vs.<br><br>**AMERIGAS PARTNERS, L.P., AMERIGAS PROPANE, L.P., RURAL GAS & APPLIANCE, SCHULTZ BOTTLE GAS,**<br><br>Defendants. | 2:18-CV-13196-TGB<br><br>**ORDER REMANDING TO STATE COURT** |

Before the Court is Plaintiff's Motion for Remand to State Court. ECF No. 4.

I. **Introduction**

In October 2016, Plaintiff Bill Schuette[1], the Attorney General of the State of Michigan ("AG"), undertook an investigation of Defendants' ("Amerigas") propane sales in Michigan. Complaint, ECF No. 1-2,

---

[1] Plaintiff Bill Schuette's successor, Attorney General Dana Nessel, has been automatically substituted by the Court into the case caption. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

PageID.15–16. Upon the conclusion of the investigation, Plaintiff filed a complaint in the Circuit Court for the 38th Judicial Circuit in Monroe County, Michigan ("State Court"). *See* ECF No. 1-2. The Complaint alleges that Defendants' pricing practices violated several aspects of the Michigan Consumer Protection Act, Mich. Comp. Laws 445.901 *et seq.* ("MCPA"). The Complaint states:
> The Attorney General is authorized to bring this action under MCL 445.905 and MCL 445.910. The Attorney General may obtain injunctive relief, actual damages, and other appropriate relief under the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*. And the Attorney General may bring a *parens patriae* action to pursue tort and individual claims under MCL 445.911 to vindicate consumer rights.

ECF No. 1-2, PageID.13–14. On September 21, 2018, Plaintiff filed in State Court a "Consolidated Motion for Class Certification and Supporting Brief." ECF No. 1-3.

On October 12, 2018, pursuant to a notice by Defendants, the case was removed to the United States District Court for the Eastern District of Michigan. ECF No. 1. Defendants assert that federal jurisdiction over this matter is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1, PageID.3.

Plaintiff opposes removal, contending that the action is not a "class action" as defined under CAFA and was improperly removed to this

Court. Plaintiff moves to remand the case back to State Court. ECF No. 4.

For the reasons outlined below, Plaintiff's Motion to Remand is **GRANTED**, and the case is hereby remanded to the Circuit Court for the 38th Judicial Circuit in Monroe County, Michigan.

## II. Removability Under CAFA

### A. Contentions

Defendants contend that the action is removable under CAFA because:

> (a) Plaintiff in the State Court Action has sought to certify a putative class action under Michigan law; (b) at least one member of the putative class is a citizen of a different state than Defendants; (c) the number of class members alleged by plaintiff in the aggregate is larger than 100; and (d) the amount in controversy alleged by plaintiff exceeds $5 million.

ECF No. 1, PageID.3.

Plaintiff contends that this action was improperly removed from state court because it is not a class action as defined by CAFA. This is because the statute pursuant to which Plaintiff's class action claim was brought, section 445.910 of the MCPA, authorizes a representative action by the Attorney General, but does not incorporate Federal Rule of Civil Procedure 23's requirement that any class action must meet the criteria

3

of typicality, commonality, numerosity, and adequacy. ECF No. 4, PageID.201; *see* Mich. Comp. Laws 445.910. Plaintiff asserts that the "mere fact the MCPA uses the phrase 'class action' does not control the outcome of this analysis . . .[and] [s]imilar contentions about the use of that phrase in other state's consumer laws have been expressly rejected." ECF No. 4, PageID.207. Plaintiff posits that his previously filed motion for class certification is immaterial to the removal inquiry because the Motion "did not—and could not—alter the nature of the action brought under the MCPA." *Id.* at PageId.207.

### B. Legal Standard

Under CAFA, a federal court has jurisdiction over a class action if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014). CAFA defines the term "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or *similar* State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" § 1332(d)(1)(B) (emphasis added).

4

A party seeking removal to federal court has the burden of demonstrating that federal jurisdictional requirements have been met. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### C. Discussion

Because Plaintiff brought this action under the MCPA and not Federal Rule of Civil Procedure 23, the Court must determine as a threshold matter whether the MCPA, despite its lack of the class action requirements set out in Rule 23, is a "similar State statute or rule of judicial procedure" for the purposes of conferring federal jurisdiction under CAFA. *See* § 1332(d)(1)(B).

Plaintiff brings this action "on behalf of the People of the State of Michigan and on behalf of classes of Michigan consumers" under the MCPA. Compl., ECF No. 1-2, PageID.13. Plaintiff brings class claims under section 445.910, injunctive relief claims pursuant to the Attorney General's statutory authority under section 445.905, and invokes the Attorney General's *parens patriae* powers to bring claims on behalf of Michigan residents under section 445.911. Compl., 1-2, PageID.13.

### i. Plaintiff's section 445.910 "class action" claims

Section 445.910 of the MCPA provides that the "attorney general may bring a class action on behalf of persons residing in or injured in this state for . . . actual damages . . . ." Mich. Comp. Laws Ann. § 445.910. Though authorizing the Attorney General to bring a "class action," unlike Federal Rule of Civil Procedure 23, the MCPA does not require that the Attorney General establish that the action satisfies the requirements of numerosity, commonality, typicality and adequacy, as must be shown under the federal rule to certify a class.

There is of course a Michigan analog to Federal Rule of Civil Procedure 23, Michigan Court Rule ("MCR") 3.501, which mirrors the adequacy, numerosity, typicality, and commonality requirements of the federal rule, but the parties disagree about the applicability of MCR 3.501 to actions brought under the MCPA. Defendants contend that MCR 3.501 applies to all state class actions in Michigan, including those brought by the Attorney General under the MCPA. ECF No. 7, PageID.307. Defendants contend that the MCPA, applied in conjunction with MCR 3.501, is sufficiently similar to Rule 23 to confer federal jurisdiction under CAFA.

Plaintiff contends that MCR 3.501 is inapplicable to actions brought by the Attorney General because MCR 3.501 only applies to actions brought by "[o]ne or more members of a class . . . as representative parties on behalf of all members in a class action . . . ." MCR 3.501(A)(1). Because the Attorney General is a representative, but not a member of the classes for whom damages are sought, Plaintiff contends that MCR 3.501 is inapplicable to suits brought by the Attorney General under the MCPA. ECF No. 9, PageID.366.

Defendants cite no case where a Michigan state court has applied MCR 3.501 to an action brought by the Attorney General under the MCPA. *See Baker v. Sunny Chevrolet, Inc.*, No. 247229, 2005 WL 2219476 (Mich. Ct. App. Sept. 13, 2005) (per curiam) (unpublished) (private plaintiff); *Zine v. Chrysler Corp.*, 600 N.W.2d 384 (Mich. Ct. App. 1999) (private plaintiff); *Dix v. Am. Bankers for Life Assurance Co.*, 429 Mich. 410, 418-19 (Mich. 1987) (private plaintiff). The Court finds that a plain reading of the text supports Plaintiff's position: MCR 3.501 authorizes "one or more members of a class" to bring suit on behalf of the class, but the Michigan Attorney General is quite clearly not a member of the class for whom he seeks relief when bringing suit under section

445.910 of the MCPA,[2] and thus MCR 3.501 does not apply to actions brought by the Attorney General under that statute. Moreover, were the Court to apply MCR 3.501 to an action brought by the Attorney General, MCR 3.501 would require this Court to perform inquiries inconsistent with the Attorney General's statutory prerogative under the MCPA. For example, MCR 3.501(A)(1)(d)'s adequacy requirement would require that this Court determine whether the Attorney General—an elected state official—qualifies as an adequate representative to bring claims on behalf of the constituents who elected her. Further, under MCR 3.501(A)(1)(c), the Court would be required to determine whether the Attorney General, who does not herself claim to have purchased any propane from Defendants, has claims "typical of the claims or defenses of the class[.]" MCR 3.501(A)(1)(c).[3]

---

[2] Defendants contend that were the Court to find that MCR 3.501 was inapplicable to Plaintiff's claims, "there would be no statutory basis for denying consumers and attorneys general alike the power to bring class cases without the need to seek certification by motion." ECF No. 7, PageID.312. That is not so. A typical plaintiff bringing a claim under the MCPA is bound by MCR 3.501 and must be able to demonstrate he or she is a member of the class he or she seeks to represent. The Attorney General is the only atypical representative statutorily authorized to bring a class claim under section 445.910.

[3] The Court is aware of a 1984 bankruptcy court decision from this district which applied Rule 23 to an action brought by the Attorney General under the MCPA and found the Attorney General to be an adequate class representative despite not being a member of the class. *See In re Sclater*, 40 B.R. 594, 599 (Bankr. E.D. Mich. 1984).

Having determined that MCR 3.501 is inapplicable here, the Court turns to the text of section 445.910 of the MCPA. The Sixth Circuit has not yet considered whether this section, standing alone, is a "similar State statute or rule of judicial procedure" for the purposes of CAFA. *See* § 1332(d)(1)(B). Though section 445.910 on its face authorizes the Attorney General to bring a "class action" on behalf of affected Michigan residents and contains a provision for shifting the costs of class notification onto the defendant, section 445.910 lacks the core requirements of typicality, commonality, adequacy, and numerosity that are necessary to certify a class under Rule 23. *See* Mich. Comp. Laws § 445.910; Fed. R. Civ. P. 23.

Three federal circuit courts of appeal, the Fourth, Seventh, and Ninth Circuits, have analyzed whether various state statutes authorizing attorneys general to bring representative *parens patriae* actions on

---

In that case, the court found that the Attorney General was an adequate class representative even though the Attorney General had not suffered the same injury as the class and "a literal reading of this rule would indicate that an attorney general cannot qualify as the class representative." *Id.* at 599. More recent decisions in analogous contexts have been to the contrary, and the Court finds them more persuasive. *See, e.g., W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 176 (4th Cir. 2011) ("To begin with, the Attorney General is not designated as a member of the class whose claim would be typical of the claims of class members.").

9

behalf of affected residents, but lacking Rule 23's commonality, typicality, numerosity, and adequacy requirements, qualified as "similar" state statutes for purposes of CAFA. *See CVS Pharmacy,* 646 F.3d at 169; *LG Display Co. v. Madigan,* 665 F.3d 768 (7th Cir. 2011); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011).

In *CVS Pharmacy*, West Virginia's Attorney General brought an action against CVS Pharmacy on behalf of affected West Virginia residents under a state consumer protection statute for, among other relief, recovery on behalf of consumers for excess charges and civil penalties. *CVS Pharmacy*, 646 F.3d at 172. In determining whether the state statute was "similar" for purposes of CAFA, the court reasoned:

> Congress undoubtedly intended to define 'class action' in terms of its similarity and close resemblance to Rule 23 . . . [and] [a]t its essence, Rule 23 provides that 'one or more members of a class may sue or be sued as representative parties on behalf of all members only if' the criteria for numerosity, commonality, typicality, and adequacy of representation are satisfied. Without this representative nature of the plaintiffs' action and the action's satisfaction of the four criteria stated in Rule 23(a), the action is not a class action.

*Id.* at 174 (internal citation omitted). The Fourth Circuit affirmed the district court's remand, holding that because the action "was brought under a West Virginia statute regulating the practice of pharmacy and

10

the West Virginia Consumer Credit Protection Act, neither of which includes class-action style provisions addressing the adequacy of representation, numerosity, commonality, and typicality requirements[,]" the action was not brought under a state statute "similar" to Rule 23 for purposes of CAFA. *Id.* The court further noted that were it to hold otherwise, the *parens patriae* action could not proceed as a class action under Rule 23 or a state equivalent because "[t]he Attorney General is not designated as a member of the class whose claim would be typical of the claims of class members." *Id.* at 176.

In *Chimei Innolux Corp.*, the Ninth Circuit held that *parens patriae* actions brought by the attorneys general of Washington and California were not class actions for purposes of CAFA on grounds that:

> [n]either lawsuit was filed under Rule 23 of the Federal Rules of Civil Procedure or any similar state statute. Unlike private litigants, the Attorneys General have statutory authority to sue in parens patriae and need not demonstrate standing through a representative injury nor obtain certification of a class in order to recover on behalf of individuals. *See* Wash. Rev.Code § 19.86.080; Cal. Bus. & Prof.Code § 16760. None of the state statutes contain the typical class action requirements of showing numerosity, commonality, typicality, or adequacy of representation.

659 F.3d 842, 848 (9th Cir. 2011).

In *Madigan*, the Seventh Circuit found CAFA jurisdiction lacking in a *parens patriae* action brought by the Illinois Attorney General under a state law that did "not impose, for example, requirements for adequacy, numerosity, commonality, or typicality." 665 F.3d at 772. The court further noted that "[a] class action must be brought by a 'representative person.' This case was brought by the Attorney General, not by a representative of a class." *Id.*

The reasoning of the Fourth, Seventh, and Ninth Circuits is instructive to the extent it is applicable to section 445.910 of the MCPA. *See CVS Pharmacy*, 646 F.3d at 169; *Chimei Innolux Corp.*, 659 F.3d at 842; *Madigan*, 665 F.3d at 768. Like the state statutes at issue in those cases, section 445.910 of the MCPA authorizes the Attorney General to bring an action on behalf of affected state residents for violations of state law. But unlike the "*parens patriae* actions" authorized by the state statues implicated in the above cases, section 445.910 also explicitly authorizes the Michigan Attorney General to bring a "class action." However, the inclusion of the term "class action" does not necessarily answer the question of whether the authority to bring actions under section 445.910 is similar to that of Rule 23. CAFA confers federal

12

jurisdiction not solely because an action is called a "class action," but more specifically on actions brought under "Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure[.]" § 1332(d)(1)(B); *see Chimei Innolux Corp.*, 659 F.3d at 849 ("A state action must be filed under a statute that is both 'similar' to Rule 23 and authorizes an action 'as a class action.'"). Critically, like the state statutes implicated above, section 445.910 does not require that the Attorney General demonstrate typicality, commonality, numerosity or adequacy, as would be required under Federal Rule of Civil Procedure 23. Because section 445.910 of the MCPA does not require the Attorney General to demonstrate the four signature criteria of Rule 23, section 445.910 of the MCPA is not a "similar" statute for purposes of conferring federal jurisdiction on this Court under CAFA. *See CVS Pharmacy*, 646 F.3d at 174 ("Without this representative nature of the plaintiffs' action and the action's satisfaction of the four criteria stated in Rule 23(a), the action is not a class action."); *Chimei Innolux Corp.*, 659 F.3d at 850 (finding that *parens patriae* actions are not class actions because they "lack statutory requirements for numerosity, commonality, typicality, or

adequacy of representation that would make them sufficiently 'similar' to actions brought under Rule 23"); *Madigan*, 665 F.3d at 772 (same).

### ii. Plaintiff's *parens patriae* claims

In addition to class claims under section 445.910 of the MCPA, Plaintiff invokes the Attorney General's *parens patriae* powers to bring tort and individual claims under section 445.911. Compl., ECF No. 1-2, PageID.14. Section 445.911 authorizes "a person" to bring a class action under the MCPA and is substantially identical to section 445.910. *See* Mich. Comp. Laws § 445.911. For the reasons cited in the preceding section, a *parens patriae* action brought by the Attorney General is not a class action brought under a "similar" state statute for purposes of CAFA.

## III. Attorneys' Fees

Plaintiff requests attorneys' fees in connection with her motion to remand pursuant to 28 U.S.C. § 1447(c). As a general rule, the award of fees is inappropriate if the removing party had "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 280 (6th Cir. 2015). In this case, the Court finds that Defendants had an objectively reasonable basis for seeking removal and

no unusual circumstances exist such that an award of attorneys' fees would be appropriate. Plaintiff's request for attorneys' fees is denied.

## IV. Conclusion

Defendants have failed to demonstrate that this action is a class action for purposes of CAFA. Consequently, this Court lacks jurisdiction over this matter. Plaintiff's Motion to Remand is **GRANTED**, and the case is hereby remanded to the Circuit Court for the 38th Judicial Circuit in Monroe County, Michigan.

DATED this 30th day of September, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge